UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80769-CIV-MIDDLEBROOKS/MATTHEWMAN

BRAND Q, INC., a California corporation,

    Plaintiff,

v.

JUNG GMBH LIMITED LIABILITY COMPANY,
a German limited liability company, individually, d/b/a
"Paul Malone," "TieDrake," and "tiepassion";
L.A.M. TRADING UG, LLC, a German limited liability
Company, individually, d/b/a "Paul Malone," "TieDrake,"
and "tiepassion"; and HOLGER JUNG, an individual,

    Defendants.
_____/

FILED BY KJZ D.C.
Nov 29, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING PLAINTIFF BRAND Q, INC.'S
## MOTION FOR ENTRY OF PROTECTIVE ORDER [DE 34]

**THIS CAUSE** is before the Court upon the following: (1) Plaintiff Brand Q, Inc.'s ("Plaintiff") Motion for Entry of Protective Order ("Motion") [DE 34]; (2) Defendants Jung GMBH Limited Liability Company and L.A.M. Trading UG, LLC's ("Defendants") Response in Opposition [DE 37]; (3) Plaintiff's Reply [DE 40]; (4) Defendants' Notice re: Response in Opposition [DE 41], in which Defendants informed the Court that they "withdraw Section 1, only, of their Response in Opposition;" and (5) the Order of referral [DE 38] from United States District Judge Donald M. Middlebrooks, referring Plaintiff's Motion [DE 34] and all future discovery motions. Upon careful review of Motion, the response, and the reply, as well as the entire docket

in this case, the Court finds that no additional briefing or hearing is necessary and that the matter is now ripe for review.

## I. MOTION, RESPONSE, AND REPLY

A. Plaintiff's Motion [DE 34]

Plaintiff "moves for an order protecting [it] . . . from being required to have its 30(b)(6) representative(s) deposed in-person in Florida, rather than allowing the deposition[s] to be conducted remotely." [DE 34 at 1]. According to Plaintiff, it is "established caselaw" that "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Id.* at 3 (quoting *Miles v. United States*, No. 14cv360, 2015 WL 11109793, at *11 (N.D. Fla. Oct. 19, 2015)). In this regard, Plaintiff states that "Defendants' attempts to require the deposition of [Plaintiff's] representative at Defendants' unilaterally selected location, with no genuine special circumstances provided as justification, is inapposite to relevant law and a protective order is warranted." *Id.* at 4. Additionally, Plaintiff cites *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600 (N.D. Fla. 2019), for the proposition that certain factors "weigh in favor of a protective order moving the location of the depositions." [DE 34 at 5]. These factors include:

> (1) the inconvenience to either party, (2) the difficulty of traveling to a particular location due to means of transportation available to the parties and deponents, (3) the costs associated with holding the deposition in a particular place, (4) whether a particular location would prove more efficient or would result in more expeditious resolution of the case, and (5) whether sufficient alternatives to an in person deposition exist, "such as a telephonic deposition, submission of written questions, or a video conference."

*Id.* at 5 (citing *DeepGulf, Inc.*, 330 F.R.D. at 609–10).

Essentially, it is Plaintiff's position that Defendants' October 20, 2022 Notice of Taking Video-Deposition [DE 34-1]—which noticed the deposition of Defendants' Rule 30(b)(6)

2

corporate representative for November 1, 2022 in Ft. Lauderdale, Florida—"would impose undue burden and expense" on Plaintiff. [DE 34 at 2].[1] Plaintiff states that "holding an in-person deposition in Florida would require [Plaintiff] to incur enormous costs and subject it to major inconvenience, all while remote depositions via videoconference, would be far more efficient." *Id.* at 5. In fact, Plaintiff states that, "[b]ased on past sales between the parties, actual damages in this matter may end up being no more than $50,000, and perhaps as little as $20,000." *Id.* at 6. Thus, because Plaintiff's travel expenses for "3-4 individuals (deponents and their counsel) to attend the depositions in-person in Florida on the given date would cost up to $4,000," Plaintiff argues its deposition expenses "could . . . total 20% of [Plaintiff's] potential recovery in this action." *Id.* Plaintiff also maintains that 12 days' notice is "plainly impractical and cannot be considered sufficient time" for noticing a deposition. *Id.* at 7.

  B. Defendants' Response [DE 37] [2]

In Defendants' Response, Defendants argue that "a party invoking the privilege of litigating in this forum must, according to well-established case law, appear in person in Florida for the taking of his or her deposition."[3] [DE 37 at 4]. Indeed, relying upon *Dude v. Congress Plaza*, No. 17-80522-CIV, 2018 WL 1009263 (S.D. Fla. Feb 20, 2018) and *Estate of Dash by and through Dash v. United States*, No. 22-80015-CIV, 2022 WL 2304514 (S.D. Fla. June 27, 2022), Defendants argue that, "[u]nder circumstances far more compelling than here, district courts in

---

[1] Plaintiff filed its Motion on October 31, 2022, just one day before the date of the scheduled deposition. The matter was then referred to the Undersigned on November 16, 2022. [DE 38].
[2] Based on Defendants' withdrawal of Section 1 of their Response in Opposition (concerning Plaintiff's purported failure to comply with Local Rule 7.1(a)(3)), any argument from within Section 1 is irrelevant and is therefore not discussed.
[3] To the extent Plaintiff relies upon *Miles*, Defendants point out that reliance on *Miles* is "completely misplaced because the corporation seeking protection was the defendant, not the plaintiff." *Id.* at 9–10.

Florida have routinely and repeatedly denied a party's request to appear remotely for deposition or trial." *Id.* at 5–7.

With respect to Plaintiff's argument that 12 days' notice is insufficient, Defendants argue that:

> had Plaintiff contacted [Defendants] to postpone the depositions to avoid alleged "last minute bookings" on the day it received the Notice of Deposition (October 20, 2022) instead of five days later (October 25, 2022), with a one-week postponement as offered by [Defendants], Plaintiff would have been able to book its travel arrangements 19 days ahead of time, which is most certainly not "last minute."

*Id.* at 8. Moreover, as to Plaintiff's argument about the supposed undue burden and expense of taking Plaintiff's Rule 30(b)(6) corporate representative's deposition in-person, Defendants contend that "Plaintiff has litigiously elected to file, in just 2022 alone, nine (9) lawsuits all over the country," necessarily demonstrating Plaintiff's "financial wherewithal" to attend the Florida deposition. *Id.* And, regarding Plaintiff's argument concerning the efficiency of a remote deposition, Defendants argue that "this is a copyright infringement case concerning patterns found on clothing. Visual comparisons of the products will feature prominently in questioning Plaintiff." *Id.* at 8–9. Defendants therefore state these visual comparisons would be "awkward, tedious, and far less effective if [done] by video conferencing [instead of] in-person." *Id.* at 9. Accordingly, Defendants request that "the Court deny Plaintiff's Motion for Protective Order and compel Plaintiff's corporate representative to attend its deposition in the Southern District of Florida." *Id.* at 10.

C. Plaintiff's Reply [DE 40]

In Plaintiff's Reply, Plaintiff begins by noting that "Defendants . . . lodge a series of arguments comprised of irrelevant (and incorrect) assertions of no consequence to the instant

4

motion." [DE 40 at 2]. Plaintiff then argues that it previously discussed remote depositions with Defendants, and that Plaintiff's litigation history is "irrelevant to the instant motion." *Id.* at 3. Thereafter, Plaintiff argues that Defendants "have failed to justify the expense of requiring . . . Plaintiff [to] be deposed in the Southern District given the circumstances of the case." *Id.* at 4. Specifically, Plaintiff contends that the likely costs in this case associated with producing a Rule 30(b)(6) representative (or representatives) for deposition "are disproportionate to the damages at issue in this case." *Id.* at 4–5. Plaintiff distinguishes *Dude* and *Estate of Dash* on this basis, while also noting that the instant case "does not concern real property or an accident occurring within the district." *Id.* at 6.

Moreover, Plaintiff cites to *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 7443288 (S.D. Fla. July 1, 2016), arguing that a desire to save money constitutes good cause for conducting a remote deposition. *Id.* at 5. According to Plaintiff, its "desire and continued efforts to minimize expenses in this case for both parties should be afforded great weight in determining that the exigencies of the particular case warrant a remote deposition." *Id.* In this regard, Plaintiff states that it did not "choose" to litigate in this forum. *Id.* at 6. Rather, "this was the district where personal jurisdiction over the defendants was available." *Id.* (quoting *Habersham v. Plantation Corp. v. Molyneux*, No. 10-61526-Civ, 2011 WL 13216981, at *3 (S.D. Fla. Apr. 20, 2011)).

Finally, Plaintiff concludes by noting that "advancements in technology have made remote depositions as effective as in person rendering remote depositions as commonplace." *Id.* Thus, Plaintiff argues that "Defendants' contention that the fabrics need to be compared in person is

5

unpersuasive"—especially considering that "the [provided] images of Plaintiff and Defendants' products make it readily apparent that an in person comparison is not needed." *Id.* at 7.

## II.   ANALYSIS

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 1009263, at *1 (S.D. Fla. Feb. 20, 2018) (quoting *Levick v. Steiner Transocean Ltd.,* 228 F.R.D. 671, 672 (S.D. Fla. 2005)). In accordance with this general rule, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485-T30-SPF, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020).

However, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition." *Partecipazioni Bulgari, S.p.A. v. Meige*, No. 86-2516-CIV-RYSKAMP, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "This discretion stems from Rule 26(c), 'which allows a court, for good cause, to issue protective orders in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enters., Inc.*, No. 06-81036-CIV, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009) (quoting Fed. R. Civ. P. 26(c)(1)). The "general rule that a plaintiff must sit for deposition in the forum in which he filed suit 'gives way if the plaintiff can show undue burden or hardship.'" *Marrero Enters.*, 2009 WL 3048698, at *2 (quoting *Levick,* 228 F.R.D. at 672). If a plaintiff demonstrates "hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699

(S.D. Fla. 2008) (quoting *Luna v. Del Monte Fresh Produce (Se.), Inc.,* 2007 WL 1500269 at *2 (N.D. Ga. May 18, 2007)).

"Rule 26 authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if he demonstrates the requisite good cause." *Larry E. Hogue v. John H. McHugh, Sec'y, Dep't of the Army*, No. 11-22405-CIV, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). "Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending." *Id.* "To make a showing of good cause, the movant has the burden of showing the injury 'with specificity.'" *Trinos*, 250 F.R.D. at 698 (quoting *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000)). "[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id.* (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* "As to what constitutes good cause sufficient for the general rule to 'yield to the exigencies of the particular case,' the Court may consider the amount of a plaintiff's requested damages, the cost of traveling to the location of the deposition or examination relative to the size of the plaintiff's claim, and the risk of a plaintiff losing his or her job in order to appear for any deposition or examination, among other relevant inquiries. *Estate of Dash by and through Dash v. United States*, No. 22-80015-CIV, 2022 WL 2208892, at *4 (S.D. Fla. June 21, 2022).

In the instant case, although the date for the previously scheduled November 1, 2022 deposition has passed, the Court notes that the current discovery cutoff deadline is December 15, 2022. [DE 22]. Moreover, Plaintiff's Motion is largely centered on the personal attendance of

Plaintiff's 30(b)(6) corporate representative(s) at a deposition in Florida, which the parties continue to dispute. Thus, Plaintiff's requested relief—a protective Order from attending an in-person deposition in Florida—has not been rendered moot by the passage of time.

With that being said, turning to Plaintiff's argument concerning the purported undue burden, hardship, or expense that would arise if Plaintiff's 30(b)(6) corporate representative(s) were required to sit for a deposition in Florida, the Court notes that Plaintiff's argument is essentially that the cost of attending the deposition (or depositions, if utilizing two corporate representatives) is disproportionately high to the amount in controversy. Specifically, in Plaintiff's Reply, Plaintiff distinguishes *Dude* and *Estate of Dash*—two cases in which the Court noted that an in-person deposition would be appropriate—partially on the basis that in those cases, the amount in controversy was substantially higher. *See Dude*, 2018 WL 1009263, at *2 (plaintiff seeking more than $2 million in damages); *Estate of Dash*, 2022 WL 2208892, at *4 (plaintiff seeking damages of over $43 million).

However, while the Court may certainly consider "the amount of a plaintiff's requested damages, [or] the cost of traveling to the location of the deposition . . . relative to the size of the plaintiff's claim," *Estate of Dash*, 2022 WL 2208892, at *4, the Court finds Plaintiff's argument about the disproportionality of the cost of attending the deposition relative to the amount in controversy—standing alone—to be insufficient to establish good cause for purposes of a Rule 26(c) protective order under the facts of this case. Indeed, while the instant case does not involve real property or an accident occurring within the district—as in *Dude* and *Estate of Dash*—and although Plaintiff appears to have filed suit in this district because Defendants are "residents of this judicial district, and/or have purposefully directed their unlawful conduct to this judicial

8

district and have conducted substantial business in this judicial district," DE 1 at 1, that does not change the fact that Plaintiff decided to file suit in this district, thereby subjecting itself to the general rule that "a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Dude*, 2018 WL 1009263, at *1. Nor does it demonstrate that Plaintiff's alleged "hardship or burden . . . outweighs any prejudice to the defendant." *Trinos*, 250 F.R.D. at 699.

Here, Defendants argue they would be unfairly prejudiced by allowing Plaintiff's Rule 30(b)(6) corporate representative's (or representatives') deposition to be taken remotely since "this is a copyright infringement case concerning matters found on clothing," where "[v]isual comparisons of the products will feature prominently in questioning Plaintiff." [DE 37 at 8–9]. Although Plaintiff states Defendants' admission "that they obtained fabric bearing the Subject Design from a party unaffiliated with [Plaintiff]" renders any comparison unnecessary, as "acquisition of said fabric from any party beyond [Plaintiff] is sufficient to establish infringement," DE 34 at 4, Plaintiff ignores Defendants' contention that the Subject Design is *not offending*. [DEs 34-7 at 4–5, 25 at 5]. Moreover, to the extent Plaintiff argues that the "images of Plaintiff and Defendants' products make it readily apparent that an in person comparison is not needed," such assertion is conclusory and inappropriate for purposes of the instant Motion. [DE 40 at 7]. Accordingly, Plaintiff has failed to satisfy its burden of establishing grounds for a protective order. In fact, Plaintiff has filed no affidavit or declaration with specific facts supporting its claimed hardship, undue burden, or expense.

Simply stated, the Court agrees with Defendants' arguments contained in its Response. Plaintiff's own Complaint asserts that this case involves copyright infringement of Brand-Q's

"two-dimensional artwork." [DE 1 at 2 ¶ 8]. And, Plaintiff asserts that it is a "well-established manufacturer and wholesaler of men's formalwear products." [DE 1 at 2 ¶ 9]. Thus, Plaintiff is a sophisticated manufacturer asserting a copyright infringement claim relating to "two-dimensional artwork." Defendants are entitled to an in-person deposition to effectively examine Plaintiff's 30(b)(6) witness(es) in regard to the pending claim of copyright infringement. The Court finds that Plaintiff's alleged undue burden, hardship, or expense does not outweigh the prejudice that would befall Defendants if Defendants were unable to take the deposition of Plaintiff's Rule 30(b)(6) corporate representative(s) in-person in this district. This case involves nuanced copyright issues and Defendants should be permitted to fully examine all relevant issues at Plaintiff's Rule 30(b)(6) deposition(s). Plaintiff's Rule 30(b)(6) corporate representative(s) must therefore attend any requisite deposition in this district so that the deposition(s) can be effective.

The Court notes with dissatisfaction that Plaintiff's Motion was poorly researched and somewhat misleading to the Court. As one example, Plaintiff's Motion omitted any reference to *Levick, Marrero, Hogue*, *Dude*, *Estate of Dash*, or *any* Southern District of Florida case, choosing instead to cite an out-of-district case, *Miles v. United States*, No. 14cv360, 2015 WL 11109793, at *11 (N.D. Fla. Oct. 19, 2015), for the proposition that it is "established caselaw" that "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." [DE 34 at 3]. But that snippet of law was taken completely out of context because in that case, it was the *defendant* United States who sought the protective order—not the plaintiff. *Miles*, 2015 WL 11109793, at *10.

To be clear, in *Miles*, it was the plaintiff who was seeking to take all four depositions of defendant's 30(b)(6) witnesses in Fort Walton Beach, Florida, rather than at their various residence

10

and duty station locales. *Id.* The court granted the defendant's motion for protective order and required the plaintiff to take the depositions of the defendant's 30(b)(6) witnesses at their residence or duty station locations located throughout the country. *Id.* at *11. *Miles* was simply not a case where a plaintiff sought a protective order from a deposition notice requiring its own 30(b)(6) witness(es) to appear for deposition in the district where the plaintiff itself filed suit. Thus, *Miles* is entirely inapposite and the misrepresentation by Plaintiff's counsel as to what that case stands for has required this Court to conduct additional research to ferret out the correct import of that case.

Moreover, to the extent that Plaintiff relies in its reply upon *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 7443288 (S.D. Fla. July 1, 2016), that case involved an individual plaintiff, not a corporation and manufacturer such as Brand Q which litigates in various federal districts. Further, in *Graham*, the amount in controversy was less than $100.00 and the individual plaintiff would apparently suffer significant economic hardship if forced to attend the deposition in person. *See id.* at *1. The unsupported, alleged costs of Plaintiff's Rule 30(b)(6) corporate representative's (or representatives') deposition in this case relative to the claimed amount in controversy does not establish "significant economic hardship." Thus, when read carefully, *Graham* provides no support for Plaintiff's Motion. Plaintiff has failed to meet its burden for a protective order and has failed to overcome "the well-settled general rule that a plaintiff filing suit in a specific judicial district may not avoid appearing for examination in that district." *Estate of Dash*, 2022 WL 2208892, at *4.

With the necessity of Plaintiff's 30(b)(6) corporate representative's (or representatives') appearance in Florida established, the Court next turns to Plaintiff's argument that 12 days' notice

is insufficient for purposes of an in-person deposition. Curiously enough, based on the dates of this Order and the December 15, 2022 discovery cutoff deadline, Plaintiff now finds itself in much the same position that it was in when it initially objected to Defendants' October 20, 2022 Notice of Taking Video-Deposition [DE 34-1]. In any event, the Court finds that 12 days' notice was, in fact, sufficient notice for the deposition, particularly since Defendants were willing to delay the in-person deposition for several days. However, the Court notes that any additional costs in appearing for the November 1, 2022 deposition (or in now appearing for an in-person deposition pursuant to this Order) are partially attributable to Plaintiff's filing of its Motion the day before the scheduled deposition and to its seeming disregard of case law in this district.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion [DE 34] is **DENIED**. Plaintiff's designated Rule 30(b)(6) corporate representative(s) shall appear for an in-person examination in Ft. Lauderdale as noticed by Defendants (or in this district at a mutually agreeable location), on or before December 15, 2022. The Court expects and requires the parties to work out the dates and locations of these depositions forthwith and conclude them on or before December 15, 2022. The Court will not countenance any further delays of Plaintiff's 30(b)(6) deposition(s).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of November, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge