UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-80769-CV-MIDDLEBROOKS/Matthewman

BRAND Q, INC.,

    Plaintiff,

v.

JUNG GMBH LIMITED LIMITED
LIABILITY COMPANY; L.A.M
TRADING UG, LLC; and
HOLGER JUNG,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Jung's Motion to Dismiss the First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b)(6), filed on October 24, 2022. (DE 32). The Motion is fully briefed. (DE 35; DE 36). For the following reasons, the Motion is denied. Given the narrow and relatively simple issue presented in Plaintiff's Motion, I did not find it necessary to expound on the denial.

Plaintiff alleges that Defendant Jung violated its copyright and trademark as it relates to its men's formalwear products (*e.g.*, ties, vest, etc.). (FAC ¶¶ 35, 48). Defendant Jung seeks to dismiss the FAC's claims against him by arguing that it fails to properly plead "alter ego liability" (DE 32 at 2) or personal liability of a corporate officer under federal copyright and trademark law (*Id.* at 4). If Plaintiff properly pled either, Defendant Jung's Motion to Dismiss must be denied.

Plaintiff properly pled personal liability of a corporate officer under federal copyright and trademark law. *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) ("[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind

the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil."). Plaintiff alleges that Defendant Jung is the manager of the two corporate defendants (FAC ¶ 9), was responsible for making purchases from Plaintiff on behalf of the corporate defendants (*Id.* ¶ 17), and that he "admitted to repackaging and rebranding [Plaintiff's] product" (*Id.* ¶ 31). Construing these facts as true, as I must on a motion to dismiss, I find that Plaintiff pled a plausible claim against Defendant Jung. If Defendant Jung has facts to the contrary, he may present those at a later stage of this case.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant Jung's Motion to Dismiss (DE 32) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of December, 2022.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record